JOURNAL ENTRY AND OPINION
Lorenzo Perry appeals from a judgment of the common pleas court classifying him as a sexual predator in accordance with the provisions of Chapter 2950 of the Revised Code. On appeal, he challenges the evidence upon which the court based its determination that he is a sexual predator. After careful review of the record before us, we have concluded the court's determination is not against the manifest weight of the evidence and therefore, affirm the judgment of the court.
The history of this case reveals that on February 4, 1981, a twenty-nine year old Perry and his brother, Kenneth, forced their way into the home of sixty-three year old Beatrice Sessor, told her they were going to rob her, and threw her to the floor. Over the course of several hours, Perry raped Sessor several times, forced her to perform oral sex and threatened to kill her with a baseball bat. Perry also threatened to kill Sessor's wheelchair-bound elderly mother, who had been in the house, by pushing her down the stairs if she screamed.
On March 9, 1981, a grand jury indicted Perry on aggravated burglary, aggravated robbery and four counts of rape. In May 1981, a trial began and following deliberations, the jury found Perry guilty of aggravated burglary and three counts of rape. Thereafter, the court sentenced him to seven to twenty-five years.
In November 1999, the State of Ohio requested the court to conduct a sexual predator determination hearing. At that hearing, the prosecutor recited for the court the facts concerning Perry's conviction. The defense requested psychological testing, which the court denied, and also presented a letter from Maureen Schuler, the clinical director at the Grafton Correctional Institution, stating that while incarcerated, Perry completed the Victim Awareness, Insight 1 2, Relapse Prevention, After Care, Stress Management and Stress, Anger, Violence, Energy programs. After considering the statutory factors in making a determination as to whether Perry should be classified as a sexual predator, the court determined him to be a sexual predator.
Perry now appeals from that classification and sets forth the following assignment of error for our review:
 THE TRIAL COURT ERRED WHEN IT APPLIED THE SEXUAL PREDATOR CLASSIFICATION TO THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN FUTURE SEXUALLY ORIENTED OFFENSES.
Perry urges the court erred by classifying him a sexual predator because he claims the state failed to present clear and convincing evidence that he is likely to engage in future sexually oriented offenses. The state, however, urges this court to affirm the judgment of the trial court because it maintains it sustained its burden of proof.
Thus, the issue on appeal concerns whether the trial court properly classified Perry as a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator, and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
Further, R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Additionally, R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Further, in State v. Cook (1998), 83 Ohio St.3d 404, the court stated:
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings.
 Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C).
 A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do no strictly apply. * * * Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. (Emphasis added).
Additionally, in accordance with Cook, we recognize that there the Supreme court considered the matter and concluded:
 * * * the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
Accordingly, we shall review this case against that standard of review.
At the sexual predator hearing held in this case, the trial court, after both parties had presented their positions, stated the following:
 Ultimately the Court must determine whether it finds by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually-oriented offenses. It is ludicrous. It is impossible for any human being to predict what another human being's activities in the future are going to be. * * * since this man has been convicted of a rather heinous offense on one occasion in his life, the feeling would be that he may do it again.
The court then individually considered each of the factors listed in R.C. 2950.09(B)(2) and stated on the record:
 The age of the victim in this case, 63 years old at the time of the offense. That certainly aggravates the circumstances. Whether or not the sexually-oriented offense for which the sentence is to be imposed involved multiple victims? It didn't. No drugs or alcohol * * *.
 No prior offense of any kind of this defendant. No mental illness or mental disability in evidence before the Court today.
 Was the incident a pattern of abuse? Did it demonstrate a pattern of abuse? It apparently did not. Did it display cruelty? It no doubt did.
 From a review of all of the facts and circumstances that are in the record here, the Court makes a finding hesitantly, but makes a finding that the defendant by clear and convincing evidence is likely to engage in the future in a sexually-oriented offense.
Upon our review of the record, we have agreed that based upon Perry's age and the age of the victim at the time of the offense, the nature of the attack upon a single victim on multiple occasions, the fact that he threatened to kill the victim with a baseball bat, and threatened to kill her elderly mother who had been in the household by pushing her down the stairs in a wheelchair if the victim screamed, the nature of the sexual conduct which appears to be part of a pattern of victim abuse in these incidents, and the fact that he had prior knowledge of the victim, are all factors which militate in favor of the trial court's decision in this instance to classify Perry as a sexual predator.
Our review further reveals that Perry had no prior criminal record, that he did not use drugs or alcohol to impair the victim; nor did he suffer mental disability.
The trial court recognized, as we do, that it is difficult to predict future behavior. However, after considering the factors listed in R.C.2950.09, we have concluded the determination that Perry is a sexual predator is not against the manifest weight of the evidence. Accordingly, we affirm the judgment of the court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR
 ________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE